SAMUEL LANGLEY *versus* MASON S. PALMER.

Where a note is made payable at any bank in a specified city or town, a demand at either bank is sufficient to charge the indorser. No previous notice need be given to him, at what bank the holder will make the demand.

ASSUMPSIT against the indorsor of a promissory note, paya-

ble in seven months, " *at any bank in Boston.*" The defendant's residence was in Corinth, in Maine. A notarial protest certifies that the notary, at the payday, presented the note at the *Suffolk bank in Boston,* and there demanded payment ; to which demand it was replied, that the note would not be paid for want of funds; also that the notary sent by mail to Corinth, and also to Bangor, in Maine, " official notice of the default, addressed to the indorser."

The trial was before WELLS, J. The defendant submitted to a default, which is to be taken off, if upon the above evidence the plaintiff was not entitled to recover.

*A. W. Paine,* for defendant.

The form of the contract between the original parties is plainly such as gives the holder of the note the right to designate the place of payment.

The promise is, in effect, to pay the specified sum, at such one of the banks in Boston as the *holder* shall elect, which right of election continues up to the time of payment.

This *right* on the part of the holder, imposes a corresponding *duty* to give the maker notice of his election.   *North Bank* v. *Abbot,* 13 Pick. 465.

Such a rule should be adopted, in reference to paper of the kind in question, as will best comport with the business and usages of the community, and most promote the safety and convenience of business men.   Unless the rule contended for is adopted, no mode is left, which the maker of such paper can adopt to save himself the costs and discredit of a protest or failure.   No obligation is imposed on the holder to leave the note at either bank, but, as in the case at bar, he may merely present the note at any, perhaps the last minute of bank hours, until which time the right of election continues.

In the case of *Page* v. *Webster,* 15 Maine, 249, our Court have gone no farther than to decide that, in places containing but *few banks,* the opposite principle should be adopted.   The decision would not meet such a case as the one at bar.

There was a deficiency in the notarial certificate of notice.

It gave no information, that the holder looked to the indorser for payment. It merely states, "I gave official notice of the default," without specifying what default was intended.

*Garnsey,* for plaintiff.

WELLS, J. orally. — The note was made in such form as the defendant chose to accept and to negotiate. The election at which bank in Boston to call for the pay, was with the holder. A demand there was sufficient. *Page* v. *Webster,* 15 Maine, 249. The principle of that decision is applicable equally to a note payable in Boston, as in Portland. The notary certifies that the note was presented when payable, and that payment was refused, and that notice of the default was forwarded to the defendant. Plainly the default spoken of, was that of the non-payment stated before. The law prescribed no form. Taking the whole certificate together, all the facts necessary to charge the indorser, are found in it.

*Judgment on the default.*